IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELANIE YOUNG, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| *vs.* ) | No. 1:18-CV-03976 |
| ) | |
| HARVEST LAND CO-OP, INC., ) | |
| ) | |
| *Defendant.* ) | |

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Melanie Young, by counsel, and for her Complaint for Damages states:

## PARTIES

1. Harvest Land Co-op, Inc. ("Harvest Land") is an Indiana corporation with its principal place of business at 1435 North West 5th Street., PO Box 516, Richmond, IN 47375.

2. Melanie Young ("Melanie") is a former employee of Harvest Land who lives at 9837 North State Road 9, Pendleton, Indiana 46064.

## JURISDICTION AND VENUE

3. Melanie brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S. Code Chapter 8.

4. This Court has federal question jurisdiction over this case pursuant to 28 U.S. Code section 1331.

5. This Court is a proper venue to bring this action pursuant to 28 U.S. Code section 1391(b)(1) and (2) because Harvest Land's principal office is located in the Southern District of

Indiana and the events or omissions giving rise to this claim occurred in the Southern District of Indiana.

## FACTS

6. Harvest Land is in the business of providing support services to farmers and other customers.

7. Melanie worked for Harvest Land from February 1990 to November 23, 2018.

8. Melanie worked in a secretarial position as an employee of Harvest Land.

9. Harvest Land paid Melanie a salary of $47,499.40 annually for the year 2017 and a salary of $48,924.20 annually for the year 2018.

10. During the final two (2) years of her employment with Harvest Land, Melanie regularly worked between forty-five (45) and fifty-five (55) hours per week.

## COUNT I: FAILURE TO PAY OVERTIME

11. For her Count I, Melanie incorporates paragraphs 1 – 10 as if fully restated herein.

12. Harvest Land is and has been engaged in interstate commerce.

13. Melanie is not an exempt employee for the purposes of the FLSA's overtime requirements.

14. Harvest Land failed to pay Melanie one-and-one-half (1.5) times her regular rate of pay for each hour worked over forty (40) in a workweek as required by 29 U.S. Code section 207(a)(1).

15. Harvest Land's failure to comply with the FLSA was not in good faith.

16.     Melanie suffered a loss of wages as a result of Harvest Land's violation of the FLSA's overtime requirements.

WHEREFORE, the Plaintiff respectfully requests that the Court: grant judgment in favor of Melanie, and against Harvest Land; award compensatory damages to Melanie in the amount of the overtime pay that she is due for each hour worked over forty (40) per week; award Melanie an equal amount of damages as statutory liquidated damages; award Melanie the reasonable costs and attorneys' fees that she incurred in bringing this action; and for all other relief that is just and proper.

Respectfully submitted,

/s/ James A. Nickloy
James A. Nickloy, 28312-29
NICKLOY & HIGDON LLP
5540 Pebble Village Ln., Ste. 300
Noblesville, Indiana 46062
Ph. 317-773-3030
Fx: 317-219-0545
alex@nickloyhigdon.com