UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MELANIE YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03976-DLP-TWP |
| | ) | |
| HARVEST LAND CO-OP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Exclude Evidence, Dkt. [34]. Plaintiff, Melanie Young, requests that this Court exclude documents produced by the Defendant, Harvest Land Co-op, Inc., that were provided in a supplemental response to Plaintiff's Interrogatory No. 3 on October 8, 2019.

**I. Background**

The Plaintiff contends that she was employed by the Defendant between February 1990 and November 2018 in a secretarial position. [Dkt. 1 at 2.] In her complaint, Ms. Young alleges that during her final two years of employment, she worked between forty-five and fifty-five hours per week, and her employer failed to pay her overtime in violation of the Fair Labor Standards Act ("FLSA"). [Id.] The Defendant denies all liability and claims that the Plaintiff was exempt from the minimum wage and overtime requirements of the FLSA. [Dkt. 13 at 3.]

On February 15, 2019, the Plaintiff served the Defendant with its first set of Interrogatories and Requests for Production. Plaintiff's Interrogatory No. 3 requested "the details of any investigation, research or inquiry conducted by

1

Harvest Land or conducted on behalf of Harvest Land regarding the overtime pay requirements of the Fair Labor Standards Act." [Dkt. 34 at 1.] Plaintiff's Request for Production No. 6 which correlated with Interrogatory No. 3 requested "any and all documents related to any investigation, research, or inquiry described in Your response to Interrogatory No. 3." [Dkt. 34 at 1.] The Defendant, after receiving two informal extensions, responded to Plaintiff's Interrogatories and Requests for Production on April 24, 2019. The Defendant objected to Interrogatory No. 3 as overbroad and asserted attorney-client privilege. [Dkt. 35-1 at 3.]

On May 3, 2019, the Plaintiff sent a letter to the Defendant challenging the validity of Defendant's objections. [Dkt. 34 at 2.] The Plaintiff explained that Interrogatory No. 3 was needed to assess whether the Defendant acted in good faith when it classified Ms. Young as an exempt employee under the FLSA. [Dkt. 35-2 at 2.] This evidence, she argued, would be necessary to substantiate Ms. Young's request for liquidated damages. [Id.]

On May 13, 2019, the Defendant provided a supplemental answer to Interrogatory No. 3 stating that while "acting in good faith and without waiving its attorney client privileges, with the advice of counsel, Defendant reviewed Plaintiff's job duties and responsibilities in determining Plaintiff's classification under the Fair Labor Standards Act." [Dkts. 34-1; 35-3 at 3.]

On October 8, 2019, almost five months after its first supplemental production, the Defendant provided a second supplemental response explaining that "[i]n 2010, representatives of Defendant worked with H.R. Consultant Al Kohtz of

2

KoSource, Inc. to evaluate the exempt status of certain employees. Defendant was advised that Plaintiff would qualify as an exempt employee." [Dkt. 35-3 at 3.] This response further directed the Plaintiff to review the Defendant's Supplemental Production to Plaintiff's Request for Production No. 6. [Id.] Defendant also produced supplemental documentation to Request for Production No. 6 which included a handwritten note dated May 24, 2010 that appears to list Harvest-Land's exempt and non-exempt employees; email correspondence between H.R. Consultant Al Kohtz and an employee at Harvest-Land; and an employee handbook detailing wage-hour audits. [Dkt. 35-3 at 7-27.]

On October 23, 2019, Plaintiff filed her motion to exclude Harvest Land's supplemental responses arguing that this information should have been produced in Defendant's original discovery responses. [Dkt. 34 at 3.] The Plaintiff maintains that the Defendant's late disclosures are prejudicial because it did not provide the Plaintiff with adequate time to conduct a meaningful investigation into this new evidence. [Dkt. 34 at 4.] Defendant responds by arguing that the supplementation was timely and non-prejudicial. [Dkt. 35 at 3.]

## II. Discussion

Rule 26 of the Federal Rules of Civil Procedure limits the scope of interrogatories to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); see also Fed. R. Civ. P. 33(a)(2). Rule 26(e)(1)(A) provides that a party who has responded to an interrogatory must supplement or correct its response in a timely

3

manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. If a party fails to timely disclose information as required by Rule 26(e), Rule 37(c)(1) requires the Court to exclude that evidence from use at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

In order to avoid exclusion under Rule 37(c)(1), the producing party must demonstrate that the delay was either justified or caused no harm. *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785-86 (7th Cir. 2000). The Court considers the following factors to determine whether the failure to disclose was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *See Keach v. United States Trust Co.*, 419 F.3d 626, 640 (7th Cir. 2005); *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005) (citation omitted).

Here, the Defendant indicates that after its May 13, 2019 supplementation, it learned of additional documents potentially responsive to Plaintiff's Interrogatory No. 3. The Defendant does not indicate when it learned of or received those additional responsive documents. It appears, however, that the Defendant received the documents on October 2, 2019, about one week prior to the date the Plaintiff received the documents, and approximately eight months before the June 1, 2020

4

trial date. The employee classification documentation provided by the Defendant in its October 8, 2019 supplemental response is relevant and probative to the issues in this case and the Defendant properly provided its supplemental response pursuant to Rule 26(e)(1)(A).

Defendant provided supplemental responses approximately one month before the discovery deadline, and nearly eight months before the June 1, 2020 trial date. Any prejudice or surprise that could have resulted from the Defendant's failure is cured by an extension of the discovery deadline. Even a short extension of the discovery deadline would likely not have an effect on the current trial date.

The Court finds that although the Defendant did fail to timely provide the documentation as required by Rule 26(e), this failure is harmless. The Plaintiff will have adequate time to cure any prejudice by engaging in discovery regarding the supplemental discovery response. Moreover, the Court is not convinced that the Defendant's exhibited any bad faith or willfulness in the timeline of its supplemental response. Exclusion of the evidence is not warranted at this time. Accordingly, Plaintiff's Motion to Exclude Evidence is **DENIED**. This Order does not preclude the Plaintiff from filing a renewed motion to exclude at a later date. The parties are notified that the discovery deadline is **EXTENDED** up to and including **January 27, 2020.**

So ORDERED.

Date: 12/18/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.